IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
03/19/2024
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Ahleem Scott-Manne,
    Plaintiff,

-v-

CENTURION, Ms. Clarke, DR. Keris,
DR. Sims, Kyleigh Ingalls, et al.
Jack Hendricks, (pending) Defendant.
James Basinger

CAUSE NO. 2:24-cv-097-JPH-MJD

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Comes now Plaintiff, Ahleem Scott-Manne, pro se, pursuant to Federal Rule of Civil Procedure 65(a), and moves this Honorable Court for a preliminary injunction for the reasons set forth below and in their supporting memorandum of law:

1. There is a reasonable likelihood that Plaintiff will prevail on the merits. For more than a four weeks, defendants have denied Plaintiff and other inmates in the administration segregation unit at Wabash Valley Correctional Facility any opportunity for out-of-cell exercise. In so doing, defendants have acted with deliberate indifference to a substantial risk of serious harm, in violation of Plaintiff' right under the Eight Amendment to the United States Constitution.

2. There is a substantial threat of irreparable harm if the injunction is not granted. As a result of Plaintiff's constant confinement in an extremely small, poorly ventilated cell, Plaintiff has suffered and continues to suffer serious physical and mental injuries. Any remedy at law for Plaintiff's injuries would be inadequate.

3. The threatened injury to Plaintiff outweighs any harm the proposed injunction may cause the defendants. The relief that Plaintiff seeks is an order compelling the defendants to perform their preexisting duties under the U.S. Constitution. The Seventh Circuit has recognized that out-of-cell exercise is a necessary requirement for physical and mental well being.

BK13

4.     The public interest will not be disserved by a grant of a preliminary injunction. To the contrary, the public interest is well served by protecting the constitutional rights of all its members.

WHEREFORE, Plaintiff requests that upon consideration of this motion and supporting memorandum of law, this Court will order the defendants, their successors, agents, employees, and all persons acting in concert with them to provide Plaintiff and other inmates in the administration segregation unit with at least one full four of out-of-cell exercise per day and other recreational opportunities.

_____
Plaintiff

IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

Ahkeem Scott-Manns,  )
_____Plaintiff,_____ )
                         ) D.O.N.
~~YOUNGMAN BRUCE LEGGS~~, )
~~BROOKS & COLSTON~~      )          CAUSE NO._____
~~Warden~~ CENTURION, ~~MD~~ )
Ms. Clarke, Dr. Ken Defendant. )
Kyleigh Ingalls, Dr. Sims, )
Jacie Hendricks, et. al. (pending) )
James Basinger  MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
                FOR PRELIMINARY INJUNCTION

Plaintiff submits this memorandum of law in support of his motion for a preliminary injunction.

In determining whether a preliminary injunction should issue, a court must consider whether the party seeking the injunction has demonstrated that: (1) it has a reasonable likelihood of success on the merits of the underlying claim; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm if the preliminary injunction is denied; (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted; and (5) the preliminary injunction will not harm the public interest. Ty Inc. v. Jones Group Inc., 237 F.3d 891, 895 (7th Cir. 2001); Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc. 149 F.3d 722, 726 (7th Cir. 1998).

### I. THERE IS A REASONABLE LIKELIHOOD THAT PLAINTIFF WILL SUCCEED ON THE MERITS OF HIS CLAIMS

In the Seventh Circuit, the threshold for showing a reasonable likelihood of success is low. Plaintiff's need only demonstrate a "better than negligible chance of succeeding." Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999).

Plaintiff is very likely to prevail on the merits. The Eight Amendments requires prison officials to protect the health and safety of inmates. They may not act with deliberate indifference to the deprivation of a basic human need. Farmer v. Bernnan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). It is well established that exercise is a basic human need. As the Seventh Circuit has explained, "exercise is no longer considered an optional form of recreation, but is instead a necessary requirement for physical and mental well-being." Delaney v. DeTella, 256 F.3d 683 (7th Cir. 2001); Anderson v. Romero, 72 F.3d 518, 528 (7th Cir. 1995) (noting view that exercise is "an indispensable component of preventative medicine"). In Antonelli v. Sheahan, 81 F.3d 1422 (7th Cir. 1996), the court held that an inmate stated a constitutional claim by alleging that he had been denied exercise for seven weeks. In., at 1432. In Delaney, the court observed that segregated inmates who are denied exercise for 90 days face a "strong likelihood of psychological injury." 256 F.3d 685.

Here, as Plaintiff's verified complaint shows, Plaintiff has been denied all access to out-of-cell exercise for more than 120 days, when defendant's implemented their "lockdown" policy at Wabash Valley Correctional Facility. This policy prohibits the release of any inmate in the administrative segregation unit for the purpose of out-of-cell exercise. Inmates in the unit are released from their cells only for shows, medical treatment, and legal visits. Pursuant to the defendant's policy, Plaintiff has been constantly confined in his 5 x 7 cell for more than twelve weeks. Plaintiff has been released for a shower once a week and two medical visits. Plaintiff has made several requests to defendants for out-of-cell exercise and other recreational opportunities both verbally and in administrative grievances and appeals. Defendants have denied all of Plaintiff's requests.

Defendants know that their no-exercise policy poses a substantial risk of serious harm to Plaintiff. Nevertheless, defendants have failed to respond reasonably. They have refused to provide Plaintiff with regular out-of-cell exercise or any other recreational opportunities. Their refusal amounts to deliberate indifference, in violation of Plaintiff's rights under the Eight Amendments to the United States Constitution. Plaintiffs are therefore likely to succeed on the merits in this case.

## II.  PLAINTIFF FACES A SUBSTANTIAL THREAT OF IRREPARABLE HARM

Irreparable harm will result unless an injunction is granted in this case. As a result of being denied an opportunity to exercise, Plaintiff has suffered and continues to suffer serious physical and mental injuries. Plaintiff has suffered headaches, constipation, lethargy, and depression. Plaintiff has received some medical attention for his injuries. In Delanley v. Detella, the Seventh Circuit has held that similar injuries were sufficiently serious to support a claim under the Eight Amendment. 256 F.3d at 685.

Plaintiff has reported his injuries to defendants in administrative grievances and appeals, putting defendants on notice of the harm caused by their "lockdown" policy. Nevertheless, defendants have refused to change their policy. As a result of defendant's deliberate indifference, Plaintiff will continue to face a substantial risk of serious harm as long as he is confined in the administrative unit. Their injuries may last months or even years.

Any remedy at law for plaintiff's injuries would be inadequate. The Seventh Circuit has explained that in the context of a motion for preliminary injunction, the term "inadequate" does not mean "wholly ineffectual," but rather "seriously deficient as a remedy for the harm suffered." Roland v. Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 386 (7th Cir. 1984). Here, any after-the-fact remedy for the serious injuries that the Plaintiff is now suffering would be seriously deficient.

See Jolly v. Coughlin, 76 F.3d 468, 482 (2nd Cir. 1996) (finding that Plaintiff had sustained irreparable harm "that cannot be adequately compensated monetarily" as a result of being confined in cell without exercise). Federal statutes and case law restrict the availability of damages to inmates in civil rights suits. Damages for the adverse effects of a denial of out-of-cell exercise are also difficult to quantify and win at trial, particularly when the Plaintiff is unrepresented by counsel. Preliminary injunctive relief is appropriate to correct this ongoing constitutional violation.

### III.  THE THREATENED HARM TO PLAINTIFF OUTWEIGHS ANY HARM THAT THE INJUNCTION MAY CAUSE DEFENDANTS

The threat of harm to the Plaintiff outweighs any harm that might result to the defendants by a preliminary injunction. As this memorandum has explained, Plaintiff is exposed to an ongoing substantial risk of serious harm. The relief that Plaintiff seeks is essentially an order compelling the defendants to perform their preexisting duties under the United States Constitution. Farmer, 511 U.S. at 832-33. The proposed relief is narrowly tailored to remedy the ongoing violation of plaintiff's constitutional rights and to prevent the occurrence of irreparable harm in the future. 18 U.S.C.A. § 362(a). It will not cause the defendants any real "harm."

### IV.  THE PUBLIC INTEREST WILL NOT BE DISSERVED BY A GRANT OF A PRELIMINARY INJUNCTION

Finally, Plaintiff seeks a preliminary injunction to protect his rights under the Eight Amendments. As a general matter, the "public interest...is always served by protecting the constitutional rights of all its members." Reinert v. Hass, 585 F. Supp. 477, 481 (S.D. Iowa 1984) See also Spartacus Youth League v. Board of Trustees, 502 F. Supp. 789, 804 (N.D. Ill. 1980) (finding that "the ultimate public interest lies in the protection of the Constitutional rights which plaintiffs assert"). The Public interest is not served by defendant's current practice of subjecting inmates in the administrative segregation unit to the deprivation of a basic human need.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff asks this Court to order the defendants, their successors, agents, employees, and all persons acting in concert with them to provide Plaintiff with at least one full hour of our-of-cell exercise per day and other recreational opportunities; and for any and all other the Court may deem just and proper within the premises.

_____
Plaintiff

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this ___12th___ day of ___March___, 20_24_, I served a true and correct copy of the foregoing Motion for Preliminary Injunction and memorandum of Law upon the Office of the Attorney General, Indiana Government Center South, Fifth Floor, 402 W. Washington Street, Indianapolis, Indiana 46204; by first-class, postage prepaid United States Mail.

_____
Plaintiff

**BK13**

IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

Ahleem Scott-Manns,            )
         Plaintiff,         )
                            )
-v-    (D.o.n)             )       CAUSE NO._____
CENTURION, BOBBI RIGGS, (2N) )
~~[illegible]~~ (NP) MIKAYLA WILLIS, et. al )
(sc~)                        )
         Defendant. (pending)

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Comes now Plaintiff, _Ahleem Scott-Manns_, pro se, pursuant to Federal Rule of Civil Procedure 65(a), and moves this Honorable Court for a preliminary injunction for the reasons set forth below and in their supporting memorandum of law:

1. There is a reasonable likelihood that Plaintiff will prevail on the merits. For more than a four weeks, defendants have denied Plaintiff and other inmates in the administration segregation unit at Wabash Valley Correctional Facility any opportunity for out-of-cell exercise. In so doing, defendants have acted with deliberate indifference to a substantial risk of serious harm, in violation of Plaintiff' right under the Eight Amendment to the United States Constitution.

2. There is a substantial threat of irreparable harm if the injunction is not granted. As a result of Plaintiff's constant confinement in an extremely small, poorly ventilated cell, Plaintiff has suffered and continues to suffer serious physical and mental injuries. Any remedy at law for Plaintiff's injuries would be inadequate.

3. The threatened injury to Plaintiff outweighs any harm the proposed injunction may cause the defendants. The relief that Plaintiff seeks is an order compelling the defendants to perform their preexisting duties under the U.S. Constitution. The Seventh Circuit has recognized that out-of-cell exercise is a necessary requirement for physical and mental well being.

**BK13**

4. The public interest will not be disserved by a grant of a preliminary injunction. To the contrary, the public interest is well served by protecting the constitutional rights of all its members.

WHEREFORE, Plaintiff requests that upon consideration of this motion and supporting memorandum of law, this Court will order the defendants, their successors, agents, employees, and all persons acting in concert with them to provide Plaintiff and other inmates in the administration segregation unit with at least one full four of out-of-cell exercise per day and other recreational opportunities.

_____
Plaintiff

IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

Ahleen Scott-Mann,                   )
          Plaintiff,                 )
                                     )
   -v-          (p.o.n)              )         CAUSE NO._____
CENTURION, BOBBI RIGGS,              )
DR. DAVID, MIKAYLA WILLIS (R.N)      )
   (N.P.)                            ) et. al
          Defendant. (pending)       )

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION

Plaintiff submits this memorandum of law in support of his motion for a preliminary injunction.

In determining whether a preliminary injunction should issue, a court must consider whether the party seeking the injunction has demonstrated that: (1) it has a reasonable likelihood of success on the merits of the underlying claim; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm if the preliminary injunction is denied; (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted; and (5) the preliminary injunction will not harm the public interest. Ty Inc. v. Jones Group Inc., 237 F.3d 891, 895 (7th Cir. 2001); Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc. 149 F.3d 722, 726 (7th Cir. 1998).

I. THERE IS A REASONABLE LIKELIHOOD THAT PLAINTIFF WILL SUCCEED ON THE MERITS OF HIS CLAIMS

In the Seventh Circuit, the threshold for showing a reasonable likelihood of success is low. Plaintiff's need only demonstrate a "better than negligible chance of succeeding." Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999).

BK13

Plaintiff is very likely to prevail on the merits. The Eight Amendments requires prison officials to protect the health and safety of inmates. They may not act with deliberate indifference to the deprivation of a basic human need. Farmer v. Bernnan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). It is well established that exercise is a basic human need. As the Seventh Circuit has explained, "exercise is no longer considered an optional form of recreation, but is instead a necessary requirement for physical and mental well-being." Delaney v. DeTella, 256 F.3d 683 (7th Cir. 2001); Anderson v. Romero, 72 F.3d 518, 528 (7th Cir. 1995) (noting view that exercise is "an indispensable component of preventative medicine"). In Antonelli v. Sheahan, 81 F.3d 1422 (7th Cir. 1996), the court held that an inmate stated a constitutional claim by alleging that he had been denied exercise for seven weeks. In., at 1432. In Delaney, the court observed that segregated inmates who are denied exercise for 90 days face a "strong likelihood of psychological injury." 256 F.3d 685.

Here, as Plaintiff's verified complaint shows, Plaintiff has been denied all access to out-of-cell exercise for more than 120 days, when defendant's implemented their "lockdown" policy at Wabash Valley Correctional Facility. This policy prohibits the release of any inmate in the administrative segregation unit for the purpose of out-of-cell exercise. Inmates in the unit are released from their cells only for shows, medical treatment, and legal visits. Pursuant to the defendant's policy, Plaintiff has been constantly confined in his 5 x 7 cell for more than twelve weeks. Plaintiff has been released for a shower once a week and two medical visits. Plaintiff has made several requests to defendants for out-of-cell exercise and other recreational opportunities both verbally and in administrative grievances and appeals. Defendants have denied all of Plaintiff's requests.

Defendants know that their no-exercise policy poses a substantial risk of serious harm to Plaintiff. Nevertheless, defendants have failed to respond reasonably. They have refused to provide Plaintiff with regular out-of-cell exercise or any other recreational opportunities. Their refusal amounts to deliberate indifference, in violation of Plaintiff's rights under the Eight Amendments to the United States Constitution. Plaintiffs are therefore likely to succeed on the merits in this case.

## II.     PLAINTIFF FACES A SUBSTANTIAL THREAT OF IRREPARABLE HARM

Irreparable harm will result unless an injunction is granted in this case. As a result of being denied an opportunity to exercise, Plaintiff has suffered and continues to suffer serious physical and mental injuries. Plaintiff has suffered headaches, constipation, lethargy, and depression. Plaintiff has received some medical attention for his injuries. In Delanley v. Detella, the Seventh Circuit has held that similar injuries were sufficiently serious to support a claim under the Eight Amendment. 256 F.3d at 685.

Plaintiff has reported his injuries to defendants in administrative grievances and appeals, putting defendants on notice of the harm caused by their "lockdown" policy. Nevertheless, defendants have refused to change their policy. As a result of defendant's deliberate indifference, Plaintiff will continue to face a substantial risk of serious harm as long as he is confined in the administrative unit. Their injuries may last months or even years.

Any remedy at law for plaintiff's injuries would be inadequate. The Seventh Circuit has explained that in the context of a motion for preliminary injunction, the term "inadequate" does not mean "wholly ineffectual," but rather "seriously deficient as a remedy for the harm suffered." Roland v. Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 386 (7th Cir. 1984). Here, any after-the-fact remedy for the serious injuries that the Plaintiff is now suffering would be seriously deficient.

See Jolly v. Coughlin, 76 F.3d 468, 482 (2nd Cir. 1996) (finding that Plaintiff had sustained irreparable harm "that cannot be adequately compensated monetarily" as a result of being confined in cell without exercise). Federal statutes and case law restrict the availability of damages to inmates in civil rights suits. Damages for the adverse effects of a denial of out-of-cell exercise are also difficult to quantify and win at trial, particularly when the Plaintiff is unrepresented by counsel. Preliminary injunctive relief is appropriate to correct this ongoing constitutional violation.

### III.   THE THREATENED HARM TO PLAINTIFF OUTWEIGHS ANY HARM THAT THE INJUNCTION MAY CAUSE DEFENDANTS

The threat of harm to the Plaintiff outweighs any harm that might result to the defendants by a preliminary injunction. As this memorandum has explained, Plaintiff is exposed to an ongoing substantial risk of serious harm. The relief that Plaintiff seeks is essentially an order compelling the defendants to perform their preexisting duties under the United States Constitution. Farmer, 511 U.S. at 832-33. The proposed relief is narrowly tailored to remedy the ongoing violation of plaintiff's constitutional rights and to prevent the occurrence of irreparable harm in the future. 18 U.S.C.A. § 362(a). It will not cause the defendants any real "harm."

### IV.   THE PUBLIC INTEREST WILL NOT BE DISSERVED BY A GRANT OF A PRELIMINARY INJUNCTION

Finally, Plaintiff seeks a preliminary injunction to protect his rights under the Eight Amendments. As a general matter, the "public interest…is always served by protecting the constitutional rights of all its members." Reinert v. Hass, 585 F. Supp. 477, 481 (S.D. Iowa 1984) See also Spartacus Youth League v. Board of Trustees, 502 F. Supp. 789, 804 (N.D. Ill. 1980) (finding that "the ultimate public interest lies in the protection of the Constitutional rights which plaintiffs assert"). The Public interest is not served by defendant's current practice of subjecting inmates in the administrative segregation unit to the deprivation of a basic human need.

**BK13**

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff asks this Court to order the defendants, their successors, agents, employees, and all persons acting in concert with them to provide Plaintiff with at least one full hour of our-of-cell exercise per day and other recreational opportunities; and for any and all other the Court may deem just and proper within the premises.

_____
Plaintiff

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 12th day of March, 20 24, I served a true and correct copy of the foregoing Motion for Preliminary Injunction and memorandum of Law upon the Office of the Attorney General, Indiana Government Center South, Fifth Floor, 402 W. Washington Street, Indianapolis, Indiana 46204; by first-class, postage prepaid United States Mail.

_____
Plaintiff

BK13